UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA BELISHA BERRY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 498 DDN |
| | ) | |
| OFFICER WILLIE MASON and | ) | |
| VELDA CITY POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**
**REGARDING COMPLAINT**

This matter comes before the Court on the motions of defendants Velda City Police Department and Officer Willie Mason to be dismissed as parties to this lawsuit under Fed. R. Civ. P. 12(b)(6). (Docs. 3, 5). The parties have consented to the exercise of plenary authority by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Although the motions were filed on April 3, 2018, plaintiff has not yet responded to them. Considering plaintiff's lack of response, and considering the serious deficiencies of plaintiff's complaint, the Court takes up the motions without a hearing.

Plaintiff filed her complaint in the Circuit Court of St. Louis County, Missouri, on March 14, 2018, and defendants timely removed it to this Court, simultaneously filing the motions to dismiss. Plaintiff's entire complaint is as follows:

> My name is Brenda Belisha Berry. I am suing Officer Willie Mason and the Velda City police department for damages caused by the use of excessive force by said officer. The amount I am seeking is ten million dollars. This is for mental, physical, and emotional stress. I am in the process of trying to obtain all body and camera footage for the day of 11-2-2017. Also all documents of arrest records for 11-2-2017.

(Doc. 1, Ex. 1).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss part or all of a case for its failure to state a claim upon which relief can be granted. Fed. R.

Civ. Pro. 12(b)(6).  A complaint "must include enough facts to state a claim to relief that is plausible on its face," providing more than just labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Such a complaint will "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and will state a claim for relief that rises above mere speculation.  *Twombly*, 550 U.S. at 555.

In reviewing the pleadings under this standard, the court accepts all of the plaintiff's factual allegations as true and draws all inferences in the plaintiff's favor, but the court is not required to accept the legal conclusions the plaintiff draws from the facts alleged.  *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012).

*1.  Defendant Velda City Police Department is not subject to suit*

Defendant Velda City Police Department argues it is a department of the city government of Velda City and not individually subject to suit.  *See Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that a police department is not a suable entity but merely a department of the city government); *Robinson v. City of St. Louis*, No. 4:16-CV-1535-RWS, 2016 WL 7491862, at *2 (E.D. Mo. Dec. 30, 2016), *appeal dismissed sub nom. Robinson v. City of St. Louis Div. of Corr.*, No. 17-3077, 2017 WL 8683787 (8th Cir. Oct. 26, 2017) (dismissing claims against the City of St. Louis Division of Corrections and the St. Louis Justice Center as non-suable entities).

Federal Rule of Civil Procedure 17 provides that capacity to be sued for a corporation is determined by the law under which the corporation was organized, and for all other parties, by the law of the state where the court is located, except that "a partnership or other unincorporated association with no such capacity under that state's law may . . . be sued in its common name to enforce a substantive right existing under the United States Constitution or laws."  Fed. R. Civ. P. 17(b).  Missouri courts have held municipal boards of police commissioners to be suable state agencies, s*ee St. Louis*

*Police Officers' Ass'n v. Bd. of Police Comm'rs*, 846 S.W.2d 732, 739 (Mo. Ct. App. 1992), but not county sheriff's departments. *White v. Camden Cty. Sheriff's Dep't*, 106 S.W.3d 626, 631 (Mo. Ct. App. 2003) (affirming the circuit court's finding that the Camden County Sheriff's Department is not a legal entity capable of being sued). The question is whether the department exists as an independent entity with a legal identity distinct from the local government with which it is affiliated. *See Jordan v. Kansas City*, 929 S.W.2d 882, 887-88 (Mo. Ct. App. 1996).

If the Velda City Police Department is a department of the Velda City local government, it is not capable of being sued because the action would properly lie against the local government entity itself. *Id.* Plaintiff has not alleged that Velda City Police Department is an independent entity and alleged facts that indicate that the statement is plausible, and defendant has asserted that there is no provision under Missouri law establishing it as a distinct legal entity. (Doc. 4). The Court gives plaintiff until July 5, 2018, forty-five days from the date of this Order, to amend her complaint to name the appropriate local government entity or facts demonstrating the police department's distinct legal identity.

### *2. Plaintiff has failed to state a claim against Officer Mason*

Defendant Officer Willie Mason argues the complaint fails to state a claim and that he is also protected by the doctrines of qualified and official immunity. Plaintiff has not provided the Court with any facts to support her claim against defendant Mason. The claim is a "threadbare . . . unadorned, the-defendant-unlawfully-harmed-me accusation" that fails to meet the pleading standard required by the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint offers no facts for the court to draw any inference about the liability of this or any defendant for any misconduct. Therefore, it fails to state a claim upon which this Court can grant relief. Officer Mason's immunity for federal- or state-law claims turns on the factual allegations. The Court gives plaintiff until July 5, 2018, forty-five days from the date of this Order, to

amend the complaint to provide enough facts about the alleged excessive force to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of defendants Officer Willie Mason and Velda City Police Department (Docs. 3, 5) **are sustained.** The complaint of plaintiff Brenda Belisha Berry **is dismissed without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff has until close of business on **July 5, 2018, to file an amended complaint.**

                         /s/   David D. Noce
                         **UNITED STATES MAGISTRATE JUDGE**

Signed on May 21, 2018.